UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY VAN DINE, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \*   Civil Action No. 15-cv-10140-ADB |
| CAROLYN W. COLVIN, | \* |
| ACTING COMMISSIONER OF | \* |
| SOCIAL SECURITY, | \* |
| | \* |
| Defendant. | \* |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Presently pending before this Court is Plaintiff Kelly Van Dine's ("Plaintiff") application for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $34,684.25. [ECF No. 33].[1] Plaintiff's Motion [ECF No. 33] is ALLOWED IN PART, and the Court awards attorney's fees in the amount of $23,988.50.

### I.    BACKGROUND

On January 20, 2015, Plaintiff appealed the Social Security Commissioner's denial of her claim for SSDI benefits. [ECF No. 1]. This Court vacated the Commissioner's decision and remanded the case. [ECF No. 29]. In anticipation of the appeal in December 2014, Plaintiff entered into a contract with her attorney, Jackson & MacNichol (hereinafter, "Counsel"), which included a contingent fee provision whereby Plaintiff agreed "to pay a fee equal to twenty five

---

[1] The Court does not review the $6,000 administrative fee approved by the Commissioner under § 406(a). Section 406(a) requires the Commissioner to "fix . . . a reasonable fee to compensate" an attorney that represents a claimant "in any claim before the Commissioner for benefits under this subchapter." "Section 406(a) governs fees for representation before the Commissioner of Social Security, while § 406(b) . . . governs fees for representation before the court." Nichols v. Colvin, No. 14-382-LM, 2016 WL 5374119, at \*3 n.2 (D.N.H. Sept. 26, 2016).

percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents' benefits, subject to the approval of said fee by the court." [ECF No. 33, Ex. 2]. On remand, Plaintiff was awarded past-due benefits in the amount of $107,735.00, plus benefits due to her dependent in the amount of $55,002.00. [ECF No. 33, Ex. 1]. This resulted in a total past-due benefit award of $162,737.00. On June 2, 2016, Plaintiff and the Acting Commissioner of Social Security Administration ("Defendant") stipulated to attorney's fees in the amount of $4,453.00, which satisfied any claims to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 31].

## II.   LEGAL STANDARD

Section § 406(b)(1)(A) provides, in relevant part, that:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . . In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that "Congress . . . designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). Nonetheless, fees pursuant to contingency fee agreements must still be reviewed for reasonableness. Gisbrecht, 535 U.S. at 809. Gisbrecht instructs that a lodestar analysis is not the starting point of a reasonableness review. "Instead, *Gisbrecht* approved 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Ezekiel v. Astrue, 853 F. Supp. 2d 177, 179 (D. Me. 2012) (quoting Gisbrecht, 535 U.S. at 808).

"Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall)." Weed v. Colvin, No. 14-271-JHR, 2016 WL 3919849, at *2 (D. Me. July 15, 2016) (citing Gisbrecht, 535 U.S. at 808 and Rodriquez v. Bowen, 865 F.2d 739, 746–47 (6th Cir. 1989)).

### III.   DISCUSSION

In this case, Counsel has been successful in representing Plaintiff, and there is no suggestion that Counsel delayed proceedings or provided inadequate representation. Plaintiff also represents that the Commissioner does not oppose this motion. Thus, the first ground for reduction is not present in this case.

The Court is concerned, however, that a contingent fee award of 25% might result in "benefits [that] are large in comparison to the amount of time counsel spent on the case." See Gisbrecht, 535 U.S. at 808. In such cases, the Supreme Court has held that a downward adjustment is in order. Id. While the Court understands that fee agreements should generally govern, see Ezekiel, 853 F. Supp. 2d at 181, the Court also believes that Gisbrecht requires a reasonableness review that avoids windfalls to attorneys at the expense of clients. "Many courts and Congress have discussed the need to prevent windfalls for lawyers." Rodriquez, 865 F.2d at 747. Distilling the lessons of Gisbrecht, 535 U.S. at 796, Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009), and Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010), Judge D. Brock Hornby of the District of Maine explained that a fee award should be reduced when the outcome is unearned, or, in other words, not attributable to the attorney's performance. Ezekiel, 853

F.Supp.2d at 178–81. In cases like the present, where attorney's fees come out of past-due benefits, a windfall to the attorney comes directly at the expense of the claimant.

In connection with the EAJA application, Counsel submitted an itemized statement of the work performed, time expended, and costs incurred. [ECF No. 33, Ex. 3]. Counsel, along with his paralegal, expended 35.95 hours, which included a boilerplate complaint [ECF No. 1], filing a motion to reverse [ECF No. 20], and filing a response to the Commissioner's motion for an order affirming its decision [ECF No. 28]. The motion to reverse was 17 pages long and the response was 11 pages long. The paralegal seems to have done the bulk of the work on these briefs: Counsel spent 11.90 hours on the appeal, while the paralegal spent 24.05 hours. Counsel represents that $350 per hour is his regular rate, but does not provide a regular rate for his paralegal. See [ECF No. 33 at 4]. Accordingly, the Court relies on the paralegal rate listed in the EAJA application ($90 per hour), which seems like an appropriate rate.[2] [ECF No. 33, Ex. 3]. At these rates, for 35.95 hours of work, Counsel's fee would have been $6,329.00. Based on the contingent-fee agreement, however, Counsel requests $34,684.25. While 35.95 hours is not an insignificant investment of time, it falls within the normal range for social security cases.[3] Furthermore, this case was not particularly complex, which is underscored by the fact that a

---

[2] In Siraco v. Astrue, 806 F. Supp. 2d 272 (D. Me. 2011), Judge D. Brock Hornby addressed the question of how to determine the reasonableness of an attorney's fee where paralegals contributed extensively. Judge Hornby rejected the Commissioner's argument that the paralegal should be compensated at the EAJA rate, while the attorney should be compensated at three times his regular rate, largely because "the law firm must receive more than its ordinary billing rates for cases that it wins, to offset the time and expenditures on those where it loses and receives no reimbursement." Siraco , 806 F. Supp. 2d at 277. Here, as will be shown below, the Court compensates for the paralegal's work well above the EAJA rate, thereby accounting for Judge Hornby's concerns.

[3] See Destefano v. Astrue, No. 05-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008), report and recommendation adopted, No. 05-3534, 2008 WL 2039471 (E.D.N.Y. May 9, 2008) (noting that average of total number of hours spent on typical social security case is between 20 to 40).

paralegal initially drafted the briefs and Counsel spent a relatively short amount of time revising them. Moreover, the result in this case was exceptionally large, fortuitously so, in light of the time invested. The requested fee amount seems disproportionate to the time actually spent on the case, even taking into account the very successful outcome for the claimant. It would result in 5.445 times the normal hourly rate, or an attorney's hourly rate of $1,905.75 and a paralegal's hourly rate of $490.05. For these reasons, the Court finds that the contingent-fee award is unreasonable in light of the time worked, and a reduction is appropriate in this case to avoid a windfall.

In determining what reduction is appropriate, "[t]here is no mathematical answer to guide [the Court] or the lawyers in what is allowed and what is not." Ezekiel, 853 F.Supp.2d at 180–81. The Court finds the approach used in Weed, 2016 WL 3919849, at *2, *3 (approving $30,197.50 for 25.6 hours of attorney time, resulting in an hourly rate of $1,279.56), Ezekiel, 853 F. Supp. 2d at 181 (determining that the requested $49,704 was too large in comparison to the 3.1 hours worked, and ultimately approving an hourly rate of $395.16), and Nichols, 2016 WL 5374119, at *3 (finding $11,378.50 to be too large in comparison to the 3.6 hours worked, and ultimately approving an hourly rate of $1,185.00), to be instructive. In those cases, the judges determined that a reduction was appropriate to avoid a windfall and ultimately awarded three times a reasonable hourly rate for the hours worked as listed in the EAJA applications. Applying this approach—awarding three times the hourly rate of $350 for Counsel and $90 for paralegal[4]—the

---

[4] Here, the Court does not treat the paralegal hours as attorney hours because they make up the clear majority of hours spent on this case, in contrast to other cases where judges treated the relatively small amount of paralegal hours as attorney hours. See, e.g., Nichols v. Colvin, 2016 WL 5374119, at *3. To be clear, the Court does not find the contingent-fee award in this case unreasonable because of the relatively large number of paralegal hours worked. See Siraco v. Astrue, 806 F. Supp. 2d 272, 278 (D. Me. 2011) ("[I]f this law firm is able to educate its paralegals to do some of the work that other firms assign to lawyers, that ability should not

resulting award in this case would be $18,988.50.[5] In light of the exceptionally good result achieved here, the Court finds that an additional enhancement of $5,000 is warranted. The resulting award is **$23,988.50**. The Court believes that three times Counsel's normal hourly rate and the paralegal's hourly EAJA rate, plus an enhancement for the exceptionally good outcome, comports with Gisbrecht by avoiding a windfall, adequately accounts for the risk of taking cases on a contingency fee basis, and reasonably compensates Counsel for his role in the positive outcome of this case. The **$23,988.50** award would be in addition to the $6,000 administrative fee that Counsel was already awarded by the Commissioner. As Counsel has acknowledged, he must refund the smaller of the EAJA award or the § 406(b) fee to the claimant, see Weed, 2016 WL 3919849, at *2, which in this case would be the EAJA award.

## IV. CONCLUSION

Plaintiff's Motion for Attorney Fees Pursuant to § 406(b) [ECF No. 33] is ALLOWED IN PART. Pursuant to 42 U.S.C. § 406(b)(1)(A), the Court awards Counsel **$23,988.50** in attorney's fees, which is in addition to the $6,000 already approved by the Commissioner under § 406(a). Counsel shall remit to Plaintiff the EAJA award.

**SO ORDERED.**

Dated: December 15, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

compel it to reduce its contingent fee."). While the Court agrees with Judge Hornby that effectively penalizing law firms for using paralegals in assessing contingent-fee agreements should be avoided, the Court also notes that courts should not incentivize law firms to allow paralegals to bill excessively assuming that they will be compensated at the same rate as attorneys. This could result in taking an increasing amount of money out of the pockets of social security claimants without increasing efficiency or results in those cases.

[5] 11.9 attorney hours x $350/hour x 3 = $12,495.00
24.5 paralegal hours x $90/hour x 3 = $6,493.50
Total award = $18,988.50